United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 03-50636
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SOSTENEZ CALDERON-BELTRAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-11-1
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Sostenez Calderon-Beltran appeals his conviction for
possession with intent to distribute marijuana. He argues that
the district court erred in denying his motion to suppress
because his alleged de facto arrest was not supported by probable
cause.

Assuming arquendo that Calderon was under de facto arrest at
the time he entered the border patrol command post, his arrest
was nevertheless supported by probable cause. Reviewing the
evidence in the light most favorable to the Government, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

collective knowledge of the investigating officers consisted of the following nonexclusive facts that would have led a reasonable officer to believe that an offense was being committed:  in the weeks prior to his arrest, Calderon's relatives had appeared at the checkpoint under suspicious circumstances and were arrested on outstanding warrants; Calderon had a prior drug conviction; his Oldsmobile contained a two-way radio, which border patrol agents identified as a tool used in drug smuggling; on the day of his arrest, his Oldsmobile was observed traveling near the border of Big Bend Park on nontraditional paths; he was later observed driving in tandem with a pick-up truck matching the description of a truck he owned that subsequently took a divergent path on a road known by border patrol agents as a route to circumvent the checkpoint; and Calderon did not respond truthfully to Agent Graham's question whether he had been in contact with any other vehicles while in Big Bend Park.  See United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994); United States v. Kye Soo Lee, 962 F.2d 430, 435-36 (5th Cir. 1992).

AFFIRMED.